```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Elizabeth Cram and John Cram

    v.                                       Civil No. 18-cv-394-LM

Burger King Corporation, et al.

**O R D E R**

Before the court are plaintiffs' assented-to motion for leave to file under seal (doc. no. 25) and defendants' assented-to motion for leave to file under seal (doc. no. 31). The court grants both motions in part and denies them in part.

Plaintiffs move to seal two documents they filed in support of their objection to defendants' motion for summary judgment: the lease and the Franchise Agreement. See doc. nos. 21-7, 21-8. The motion, however, has several problems. For example, the motion does not seek to seal copies of the same documents submitted with defendants' motion for summary judgment. See doc. nos. 19-9, 19-10. And, although plaintiffs' motion seeks to seal complete copies of the lease and the Franchise Agreement, plaintiffs submitted only selected pages from both documents with their summary judgment pleadings. See doc. nos. 21-7, 21-8.

In response to plaintiffs' motion, the court issued a notice of ruling, stating that plaintiffs had provided insufficient information for it to rule on the motion for leave to seal, and identifying several deficiencies of the motion under LR 83.12(c).  Doc. no. 27.  Holding its ruling on plaintiffs' motion in abeyance, the court ordered the parties to file a supplement to plaintiffs' motion addressing the court's concerns.  Id.

Defendants then filed an assented-to motion for leave to file under seal and a supplement thereto.  Doc. nos. 31 & 32.  Defendants' pleadings also seek leave to file copies of the entire lease and the entire Franchise Agreement under seal.  Id.  Defendants filed a complete copy of the lease with their motion for summary judgment, doc. no. 19-10, but filed only excerpts of the Franchise Agreement, doc. no. 19-9.[1]

In addition to the issues mentioned above, the main deficiency the court identified in plaintiffs' motion for leave to file under seal was that they failed to make a showing as to why the documents should be sealed.  To overcome the strong presumption that the public should have access to judicial

---

[1] The court notes that both parties submitted the documents they seek to seal with their summary judgment pleadings, but neither party filed copies of the documents they seek to seal with their motions for leave to seal as required.  LR 83.12(c) ("A motion to seal must be filed conventionally together with the item to be sealed . . . .").

2

records, the parties must have compelling reasons.  See Nat'l Org. for Marriage v. McKee, 649 F.3d 39, 70 (1st Cir. 2011); FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987). As the court explained in the notice of ruling, the fact that the parties agreed to label a document "confidential" and subject to the parties' protective order does not satisfy this burden.  See LR 83.12(d) ("Parties cannot seal otherwise public documents merely by agreement or by labeling them 'sealed.'"). For their part, defendants have provided an alternative rationale in support of their motion: that the documents contain sources of business information that, if revealed, may harm defendants' competitive standing.  Doc. no. 31 at 3.

To be clear, both parties have already effectively "unsealed" portions of the lease and the Franchise Agreement by quoting them in their public filings.  See doc. nos. 19-1 at 4-8, 21 at 6-7, 10-11.  As evidenced by the parties' reliance on portions of the lease and the Franchise Agreement, language in these documents is critical to the resolution of defendants' summary judgment motion.  The court has, consequently, relied upon and quoted portions of the lease and the Franchise Agreement in its order on the motion for summary judgment, issued simultaneously with this order.  Given the importance of certain portions of the lease and the Franchise Agreement to this court's function, those portions of the documents must be

3

accessible to the public.  See Bradford & Bigelow, Inc. v. Richardson, 109 F. Supp. 3d 445, 447 (D. Mass. 2015) ("The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it.").

In light of the above, the court concludes that, to the extent the parties or the court have quoted or described the lease and the Franchise Agreement in public filings and orders, the motions to seal are denied.  Those public documents provide public access to the relevant language in the lease and the Franchise Agreement.

The motions to seal are otherwise granted.  Portions of the lease and the Franchise Agreement that have not been quoted by the parties or the court are less germane to the resolution of this suit, and therefore, the burden to overcome the presumption of public access is not as high.  See Bradford, 109 F. Supp. 3d at 447.  The lease and the excerpts of the Franchise Agreement submitted by both parties (doc. nos. 19-9, 19-10, 21-7, 21-8) shall be sealed in order to protect defendants' business information.  See Nixon v. Warner Commc'ns, Inc., 435 U.S 589, 598 (1978) (observing that courts have refused to permit their files to serve as "sources of business information that might harm a litigant's competitive standing"); Salazar v. McDonald's

4

Corp., No. 14-CV-02096-RS, 2016 WL 4394165, at *14 (N.D. Cal. Aug. 16, 2016) (allowing filing of document describing "internal franchising strategy" under seal because disclosure may have subjected defendant to "competitive harm").  Those documents shall remain under a Level I seal unless and until the court orders the seal lifted.

## CONCLUSION

For the foregoing reasons, the parties' respective motions to seal (doc. nos. 25 & 31) are denied in part and granted in part.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 29, 2019

cc:   Counsel of Record